# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# FOR THE NORTHERN DISTRICT OF NEW YORK



<u>Syracuse Office</u>

4 Clinton Square
3RD FLOOR
SYRACUSE, NY 13202
(315) 701-0080
(315) 701-0081 FAX

<u>Albany Office</u>

54 State Street
STE 310
ALBANY, NY 12207
(518) 436-1850
FAX (518) 436-1780

Eric Schillinger, Federal Public Defender
Emma Reynolds, First Assistant

December 3, 2025

Honorable Thérèse Wiley Dancks
United States Magistrate Judge
100 South Clinton Street
Syracuse, New York 13202

> **RE:** **United States v. Paige Kincheloe**
> **Case No. 5:25-MJ-0380**

Dear Judge Dancks:

On November 19, 2025, this Court issued an order releasing the defendant, Paige Kincheloe, in the above-referenced matter from the custody of the United States Marshal Service. Ms. Kincheloe was released on several conditions, and the Court issued an order detailing those conditions on the same date. Dkt. No. 10. One of the special conditions of Ms. Kincheloe's release directs as follows:

> The defendant is to comply with the safety plan set in place by Jefferson County Child Protective Services regarding contact with her own children. The Court understands this plan includes only telephone and video contact with her children. The Court and pretrial services must be notified before any modification of this safety plan is implemented.

Dkt. No. 10 at 3, Special Condition 9. For the reasons set forth below, Ms. Kincheloe respectfully requests Special Condition 9 be modified to permit her to participate in supervised visitation with her children in accordance with the safety plan established by Jefferson County Child Protective Services (JCCPS).

On November 26, 2025, defense counsel received an email from Senior JCCPS Case Worker Ruth Werner stating that JCCPS would like to modify the safety plan to allow Ms. Kincheloe to participate in in-person supervised visits with her children. This modification comes after a forensic interview of Ms. Kincheloe's oldest child, during which the child made no

disclosures of abuse. Furthermore, Ms. Kincheloe has been cooperative in JCCPS's investigation, she has been, and is, willing to engage in and participate with whatever services JCCPS requires her to complete, and she has complied with JCCPS's safety plan thus far since the onset of the investigation on November 13, 2025.

Ms. Werner explained that, in light of the foregoing, supervised visitation between Ms. Kincheloe and her children is appropriate because the "children are young, and it is not in their best interest to be completely separated from their mother . . . . [A]llowing them to participate in supervised visitation, with set guidelines and rules in place to ensure their safety, is imperative for them to continue bonding and further their relationship with their mother." Finally, Ms. Werner noted that, while JCCPS must ensure the safety of Ms. Kincheloe's children, JCCPS also prioritizes avoiding "further damage to the children by keeping them from their mother indefinitely if [it] can help foster their relationship in a controlled environment. Realistically, removal of children from their parent(s) can still cause trauma and [JCCPS] would like to mitigate that as best as possible."

JCCPS has forwarded to defense counsel the Standards for Supervised Visitation by which Ms. Kincheloe would need to comply and sign. Those standards are attached here as Exhibit A. JCCPS has approved four individuals (all grandparents to Ms. Kincheloe's children) to supervise Ms. Kincheloe's visits with her children.

In light of JCCPS's investigation, Ms. Kincheloe's compliance with all Court and JCCPS orders and directives, and the best interest of Ms. Kincheloe's children, the defense now respectfully requests the Court modify Ms. Kincheloe's pretrial release conditions to permit her to participate in supervised visitation with her children in accordance with JCCPS's safety plan.

Thank you for your consideration.

Respectfully,

OFFICE OF THE FEDERAL PUBLIC DEFENDER

By:    */s Anne LaFex*
       Assistant Federal Public Defender

Cc:    Michael Gadarian, AUSA (by CM/ECF)
       Adrian LaRochelle, AUSA (by CM/ECF)
       Paige Kincheloe (by mail)

# Exhibit A

**STANDARDS FOR SUPERVISED VISITATION - NOT HELD AT DSS**

1. Visits will occur as scheduled, and will be supervised. Parents must be on time. If parents are more than 15 minutes late without notification, the visit may be cancelled.

2. Visits are for parent(s) only and no other visitors (relatives, friends, etc.) are allowed without prior approval from the caseworker.

3. CELL PHONES and other electronic devices are to be turned off during visits. Special permission can be given PRIOR TO EACH VISIT by Caseworker for cell phone use. Visit Supervisor must be told in advance by Caseworker what permissions have been granted.

4. If the child(ren) needs to go to the bathroom, the parent(s) will accompany Visit Supervisor and child(ren) to the bathroom. As parent/child contact is supervised at all times the bathroom door will need to remain open.

5. During visits, if parents bring food (snacks) for their children to an outing, they will be expected to clean up any spills, throw out food wrappers, bags, etc. and keep the area neat and clean.

6. Parents may bring gifts if they have prior approval from the caseworker to bring these presents. Children must be allowed to take gifts home with them at the end of the visit. Foster parents/Article 10 custodians must be informed if children receive gifts or money.

7. Parents may, on occasion, utilize a cell phone or camera to take pictures of their child(ren). No photographs taken of the child(ren) are to be shared on social media or with other persons. No photographs are to be taken of the visit supervisor. If problems arise, the caseworker has the right to prohibit the taking of pictures until the issue can be addressed.

8. Parents need to have planned, age appropriate activities for each visit. Examples would be cards, board games, coloring books/colors, books, puzzles, arts and craft. Parents should engage all the children in the activity and parent is also expected to participate.

9. There will be no profanity during the visits.

10. No one is to be under the influence of drugs or alcohol when they come for their visit (parents, supervisor of visit, etc.) If any substance abuse is suspected, the visits will be cancelled.

11. Parents will use appropriate discretion in the discussion of the case with their children (specifically, why children are in care, children's statements, petitions, etc.). Do not question children about another parent. Attempts by parents to influence their children inappropriately by use of secret notes, whispering, etc. could lead to a termination of the visit.

12. If supervisor feels there is a problem at any time during the visit, they have the authority to terminate the visit.

13. At no time is the parent(s) to be alone with the child(ren). Ex. Such as going outside or to the store.

14. Parents are reminded that they are to direct any concerns regarding the visits of the case to the caseworker after the visit ends.

15. Observations made during visitations by Supervisor will be routinely documented and given to caseworker.

16. All Orders of Protection must be adhered to.

17. No corporal punishment. No physical punishment. No hitting or slapping at all.

ADDITIONAL STANDARDS FOR THE Kincheloe FAMILY

Please specify specific instructions for escorting children in and out of the building, transportation arrangements, and orders of protection.

For unsupervised visits taking place at the DSS office, please specify conditions, and how to request assistance when needed during the visitation.

1

**1.)**

**2.)**

**3.)**

I have received, read and understand the Visitation Standards                                               **Initial:**

I have received, read and understand the "Considerations for Family Moving from Supervised to Unsupervised     **Initial:**
Visitation"

**Parent's Signature:**                    **Parent's Signature:**                    **Caseworker Signature:**

**Date:**                                  **Date:**                                  **Date:**

2