

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

---

*100 South Clinton Street, P.O. Box 7198*        *Tel.: (315) 448-0672*
*James M. Hanley Federal Building*                *Fax: (315) 448-0658*
*Syracuse, New York 13261-7198*

December 4, 2025

*Via CM/ECF*

Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, New York 13261-7346

      Re:    *United States v. Kincheloe*
              5:25-mj-380 (TWD)

Dear Magistrate Judge Dancks:

On November 14, 2025, this Court signed a criminal complaint charging the defendant with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). *See* Dkt. 1.

The complaint alleged, *inter alia*, that, during interactions with someone else ("Individual 1") on social media, the defendant sent non-sexually explicit images of a male child as part of highly sexualized conversations between the two of them, including about the sexual abuse of children and child sexual abuse material. It further alleged that, when Individual 1 asked the defendant whether she recorded a video of the child "playing with you," the defendant responded, "i did but I deleted it but i can try again tomorrow." At the detention hearing, the government proffered that the defendant's statement, in context, was an assertion of sexual assault on the child and the recording (and then deletion) of it. The government proffered further that Individual 1 told investigators that he received from the defendant a visual depiction of her sexually abusing the child, which he described in some detail. Although that content has not been recovered to date, Individual 1's account has otherwise been broadly corroborated by the defendant's admissions and the chats themselves. In sum, there is non-trivial evidence that the defendant not only received child pornography and actively discussed her interest in that material (and in the sexual abuse of children) but also sexually exploited a child and distributed the material she created depicting that exploitation.

Following the detention hearing, this Court ordered the defendant released on conditions over the government's objection, including that she "comply with the safety plan set in place by Jefferson County Child Protective Services [("JCCPS")] regarding contact with her own children. The Court understands this plan includes only telephone and video contact with her

Letter to Magistrate Judge Dancks
*United States v. Kincheloe*
5:25-mj-380 (TWD)
December 4, 2025
Page 2

children. The Court and pretrial services must be notified before any modification of this safety plan is implemented." *See* Dkt. 10 (Special Cond. 9).

On December 3, 2025, the defendant moved for a modification of Special Condition 9 to permit JCCPS to alter the safety plan. It appears that the plan proposed by JCCPS would allow in-person visits of any duration supervised only by one of the defendant's parents or parents-in-law. *See* Def. Mot. (dkt. 14) at ECF p. 2 ("JCCPS has approved four individuals (all grandparents to Ms. Kincheloe's children) to supervise Ms. Kincheloe's visits with her children.") Further, the "safety plan" as described by the defendant and as reflected in the written proposed plan, would theoretically allow the defendant's children to live in the defendant's home full time if at least one grandparent also was present for the defendant's interactions.

The defense request is based on the defendant's oldest child not making an abuse disclosure during a forensic interview, the defendant's compliance with the terms of the safety plan and JCCPS's investigation so far, and the recommendation of Senior Case Worker Ruth Werner, who is quoted in the defense letter.[1]

The defense request should be denied.

First, that a three-year-old did not disclose abuse in an initial forensic interview is insufficient evidence that the abuse did not occur when measured against the defendant's text message claiming to have engaged in abuse as corroborated by the person with whom she was chatting describing receiving similar content from her. A child of such tender age may lack the words necessary to make a disclosure, may not understand that what happened to him was sexual abuse, and may have been groomed not to believe abuse occurred and/or not to talk about it. *See generally Variables in Delayed Disclosure of Childhood Sexual Abuse*, Sommer & Szwarcberg, American Journal of Orthopsychiatry (2001); *see also generally United States v. Smith*, ("[W]e held that expert testimony explaining 'that it is not uncommon for child victims to delay disclosure; to disclose abuse in a piecemeal fashion; to underreport sexual abuse; and that several factors, both external and internal, may cause delayed reporting and underreporting' may be relevant in 'criminal trials involving contested allegations of child sex abuse.'") (quoting *United States v. Parson*, 84 F.4th 930 (10th Cir. 2023)).

Second, the Court has insufficient insight into the nature of JCCPS's investigation, what information it has reviewed and considered in coming up with its recommendation to modify the safety plan, and how it decided that entrusting the defendant to the supervision of family rather

---

[1] It appears that the defendant is quoting from an email sent by the caseworker. The government does not believe it has seen the underlying email and does not know whether a copy has been provided to the probation office or what other interactions between JCCPS and the probation office might have taken place.

Letter to Magistrate Judge Dancks
*United States v. Kincheloe*
5:25-mj-380 (TWD)
December 4, 2025
Page 3


than a professional JCCPS caseworker despite evidence of hands-on sexual abuse of a child adequately mitigates the risk the defendant poses.

Leaving aside the government's objection to the release of this defendant on *any* conditions, this Court balanced the defendant's interest against the need to protect the public from the danger release poses. At a minimum, this Court should deny the request for any modification to the safety-plan (let alone one that would permit in-person conduct supervised by family rather than an independent third party guardian and/or a JCCPS staff worker at all times and that would seem to allow the children to essentially move in with the defendant as long as a grandparent is present) unless the defendant agrees to and passes a polygraph examination by an independent polygrapher with questions about whether she has ever touched a child sexually and/or created sexually explicit content depicting a child whether sent to someone else or not. Polygraph conditions are commonly imposed as conditions of supervised release in cases involving similar charges and requiring that she pass one before considering modifying a critical release condition is appropriate. *See United States v. Burgess*, 2017 WL 6542939, at *5 (E.D. Va. Dec. 18, 2017) ("Defendant's Release Order, which was entered on December 8, 2017, ECF No. 10, shall be REINSTATED, with all terms and conditions therein having full force and effect, with the following ADDITIONAL CONDITION IMPOSED: Defendant shall submit, at a time and place arranged by the Government, to a polygraph examination for the purpose of determining if Defendant has committed any contact offenses or other sexual misconduct in the past.").

Respectfully,

TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
Acting United States Attorney


By:    */s/ Adrian S. LaRochelle*
       Adrian S. LaRochelle (Bar Roll No. 701266)
       Michael D. Gadarian (Bar Roll No. 517198)
       Assistant United States Attorney


cc. Counsel of record (*via CM/ECF*).