IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    5:25-MJ-380 (TWD) |
| | ) | |
| **v.** | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **PAIGE KINCHELOE,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Paige Kincheloe, by and through counsel, Anne LaFex, AFPD, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including 90 days from the date of the signing of this Order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1)    The chronology of this case is as follows:

    a)    Date of complaint:  November 14, 2025

    b)    Date of initial appearance:  November 14, 2025

    c)    Defendant custody status: Released on conditions

    d)    Earlier enlargements of time and exclusions under the Speedy Trial Act:

        i)    Order excluding time from 12/10/25 through 2/6/26.

2)    The United States and the defendant request this exclusion because the government recently completed initial forensic analysis of a seized electronic device and summarized the results of that analysis to defense counsel and produced non-contraband discovery. The defense is considering requesting a preindictment disposition and is evaluating whether to obtain and provide the government with potential mitigation information and documentation. The defense needs time to make those decisions and obtain any reports / analyses it deems appropriate. Government counsel will in turn need time to review that information and consider it as part of preindictment settlement discussions.

3)    The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial for the reasons described above. The excluded time is necessary for effective preindictment settlement discussions that could result in the defendant's agreement to waive indictment and plead guilty to certain offenses, and counsel need reasonable time for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

4)    The parties stipulate and agree that a period of 90 days, from the date of the signing of this Order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i) and (iv).

CONTINUED ON NEXT PAGE

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: January 30, 2026

/s/

TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
Acting United States Attorney

*/s Michael D. Gadarian*

By:

Michael D. Gadarian
Assistant United States Attorney
Bar Roll No. 517198

*/s Anne LaFex*

Anne LaFex, AFPD, Esq.
Attorney for Paige Kincheloe
Bar Roll No. 571311

3

**ORDER**

A.      The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.      The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights.  The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial for the reasons stipulated by the parties, including that the defense would like more time to consider whether to submit preindictment mitigation information to the government and to obtain and present any such information, which the government will then need time to review. Depriving of the defendant of adequate time to consider preindictment settlement, including a potential promise by the government not to indict in exchange for a waiver of indictment and plea of guilty to certain offenses, risks a miscarriage of justice and would deny counsel adequate time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

BASED ON THE  STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including 90 days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice

4

served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this _____ day of _____, 2026.

              Hon. Thérèse Wiley Dancks
              U.S. Magistrate Judge