IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    5:25-MJ-380 (MJK) |
| | ) | |
| **v.** | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **PAIGE KINCHELOE,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## **STIPULATION**

The United States of America, by and through undersigned counsel, and the defendant,

**PAIGE KINCHELOE**, by and through counsel, Anne LaFex, AFPD, hereby agree and stipulate

that the time should be excluded under the Speedy Trial Act from the date of the Court's order on

this stipulation to and through May 5, 2026, at which time the defendant is scheduled for a change

of plea hearing where it is anticipated she will waive indictment and plead guilty to an information.

*See* 18 U.S.C. § 3161(b) and (h)(7)(A).

1)    The chronology of this case is as follows:

    a)    Date of complaint:  November 14, 2025

    b)    Date of initial appearance:  November 14, 2025

    c)    Defendant custody status: Released on conditions

    d)    Earlier enlargements of time and exclusions under the Speedy Trial Act: Orders

excluding time from December 10, 2025, to and through April 30, 2026.

2)    The United States and the defendant request this exclusion because the parties have signed

a plea agreement in which the defendant agrees to waive indictment and plead guilty to an

information charging her with access with intent to view child pornography, in violation of 18

U.S.C. § 2252A(a)(5)(B). The parties submitted this signed plea agreement to the Court, resulting

in an automatic exclusion of time pursuant to 18 U.S.C. § 3161(h)(1)(G) while the Court considers

the plea agreement. The parties' request for a plea hearing also results in an automatic exclusion of time due to a delay resulting from any pretrial motion, pursuant to 18 U.S.C. § 3161(h)(1)(D). The plea hearing is scheduled to take place before this Court on May 5, 2026. It is impractical to seek an indictment in this case before the plea hearing in light of the parties' plea agreement, which provides that the defendant will waive indictment and plead guilty to an information. Requiring the Government to indict the case before the plea hearing would deprive the parties of the benefit of their plea agreement and would unnecessarily utilize the scarce resources of a federal grand jury.

3)      The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because the failure to grant such a continuance would "likely . . . make a continuation of such proceeding impossible," in that the parties' agreement for the defendant to waive indictment and plead guilty to an information would be nullified, 18 U.S.C. § 3161(h)(7)(B)(i); would "result in a miscarriage of justice," in that the Government would need to indict the defendant after negotiating a plea agreement in which it promises not to do so, 18 U.S.C. § 3161(h)(7)(B)(i); and because the parties require additional time, taking into account the exercise of due diligence, to prepare for and attend the plea hearing that has been previously scheduled by this Court, 18 U.S.C. § 3161(h)(7)(B)(iv).]

4)      The parties stipulate and agree that a period from the date of this Court's order on the stipulation to and through May 5, 2026, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: April 16, 2026

TODD BLANCHE
Acting Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By: 

Michael D. Gadarian
Assistant United States Attorney
Bar Roll No. 517198

*/s Anne LaFex*

Anne LaFex, AFPD
Attorney for PAIGE KINCHELOE
Bar Roll No. 517311

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    5:25-MJ-380 (MJK) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PAIGE KINCHELOE,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>ORDER</u>**

A.      The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.      The Court finds that time is automatically excluded between now and the plea hearing because the delay results from a pretrial motion in the form of a request from the parties for a plea hearing, 18 U.S.C. § 3161(h)(1)(D), and because the delays results from this Court's consideration of the proposed plea agreement entered into by the parties, 18 U.S.C. § 3161(h)(1)(G).

C.      The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights.  The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because the failure to grant such a continuance would "likely . . . make a continuation of such proceeding impossible," in that requiring the Government to indict the defendant would nullify an important aspect of the plea agreement and would result in a miscarriage of justice, as the Government agrees in the plea agreement not to indict the defendant, 18 U.S.C. § 3161(h)(7)(B)(i); and because the parties require additional time, taking into account

4

the exercise of due diligence, to prepare for and attend the plea hearing that has been previously scheduled by this Court, 18 U.S.C. § 3161(h)(7)(B)(iv).

BASED ON THE  STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of 18 U.S.C. §  3161(b), be enlarged from the date of this Court's order on the stipulation to and through May 5, 2026, and that time be excluded pursuant to 18 U.S.C. §  3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of 18 U.S.C. § 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this _____ day of April, 2026.

Hon. Mitchell J. Katz
U.S. Magistrate Judge