# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# FOR THE NORTHERN DISTRICT OF NEW YORK



Syracuse Office

4 Clinton Square
3RD FLOOR
SYRACUSE, NY 13202
(315) 701-0080
(315) 701-0081 FAX

Albany Office

54 State Street
STE 310
ALBANY, NY 12207
(518) 436-1850
FAX (518) 436-1780

Eric Schillinger, Federal Public Defender
Emma Reynolds, First Assistant

April 30, 2026

Honorable Mitchell J. Katz
United States Magistrate Judge
James M. Hanley Federal Building
100 South Clinton Street
Syracuse, New York 13202

> RE:   **United States v. Paige Kincheloe**
>       **Case No. 5:25-MJ-0380 (MJK)**

Dear Judge Katz:

On November 19, 2025, the assigned magistrate judge issued an order releasing Paige Kincheloe from the custody of the United States Marshal Service. Ms. Kincheloe was released on several conditions, and the Court issued an order detailing those conditions on the same date. Dkt. No. 10. One of the special conditions of Ms. Kincheloe's release directs as follows:

> The defendant is to comply with the safety plan set in place by Jefferson County Child Protective Services regarding contact with her own children. The Court understands this plan includes only telephone and video contact with her children. The Court and pretrial services must be notified before any modification of this safety plan is implemented.

Dkt. No. 10 at 3, Special Condition 9. For the reasons set forth below, Ms. Kincheloe respectfully requests Special Condition 9 be modified to permit her to participate in a parental assessment and parental observation on May 20, 2026, and May 22, 2026, respectively.

Due to the nature of the offense and the government's specific allegations against Ms. Kincheloe, Jefferson County Department of Social Services opened a neglect case in Jefferson County Family Court involving Ms. Kincheloe. As part of that ongoing case, Jefferson County DSS has referred Ms. Kincheloe for various services, including a parental assessment and parental observation. Both the assessment and observation would be conducted by professionals with

Rubenzahl, Knudsen & Associates Psychological Services, PC, in Watertown, New York. The parental assessment involves Ms. Kincheloe answering extensive questions about parenting and mental health. The parental observation involves in-person interactions between Ms. Kincheloe and her children while clinical staff are present and observing. Both the assessment and observation are one-time appointments and are expected to last no more than two hours each. The family court judge presiding over the neglect case approved Ms. Kincheloe's participation in both.

The government has indicated to defense counsel that it opposes this request because it is "premature" in light of Ms. Kincheloe's scheduled change-of-plea hearing on May 5, 2026. While the district judge is authorized to discontinue Ms. Kincheloe's release status following her guilty plea on Tuesday, the district judge is equally authorized to *continue* her release pending sentencing. Pursuant to 18 U.S.C. § 3143(a)(2), the district court must detain a person awaiting sentencing that has been found guilty of a "crime of violence." Ms. Kincheloe's offense (*i.e.*, access with intent to view child pornography under 18 U.S.C. § 2252A(a)(5)(B)) constitutes a crime of violence because it is a felony under Chapter 110 of Title 18 of the United States Code. 18 U.S.C. § 3156(a)(4)(C). Section 3143(a)(2) provides one exception to detention pending sentencing that does not apply in this case. Section 3145(c), however, provides another exception to detention that is relevant here.

Under § 3145(c), "[a] person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." To satisfy the criteria under § 3143(a)(1), the defendant must demonstrate that she is not likely to flee or pose a danger to the community if released. The Second Circuit has defined "exceptional reasons" under § 3145(c) as a "unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). This test "is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualified as 'exceptional.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (quoting *DiSomma*, 951 F.2d at 497).

With some regularity, district courts in this district have continued the release status of defendants that have pleaded guilty to crimes of violence similar to the one Ms. Kincheloe is pleading guilty to on Tuesday. *See, e.g., United States v. Kilgus*, No. 26-CR-0065 (BKS), Text Minute Entry Dated Mar. 19, 2026 (NDNY) (defendant pleaded guilty to violating 18 U.S.C. § 2423); *United States v. Swanson*, No. 24-CR-0184 (BKS), Text Minute Entry Dated May 23, 2024 (NDNY) (defendant pleaded guilty to violating 18 U.S.C. § 2252A(a)(5)(B)); *United States v. Curtis*, No. 22-CR-0006 (GTS), Text Minute Entry Dated Jan. 25, 2022 (NDNY) (defendant pleaded guilty to violating 18 U.S.C. § 2252A(a)(2)(A)). Accordingly, it is not premature for the Court to consider the request for a modification of Ms. Kincheloe's pretrial conditions at this time because there is a real possibility that she will be continued on pretrial conditions of release. Granting her request to participate in the parental assessment and observation now would allow her to confirm the appointments and make any necessary arrangements with her pretrial services officer and DSS case worker.

Thank you for your consideration.

Respectfully,

OFFICE OF THE FEDERAL PUBLIC DEFENDER

By:    */s Anne LaFex*
       Assistant Federal Public Defender

Cc:    Michael Gadarian, AUSA (by CM/ECF)
       Adrian LaRochelle, AUSA (by CM/ECF)
       Paige Kincheloe (by mail)