# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# FOR THE NORTHERN DISTRICT OF NEW YORK



**Albany Office**

54 State Street
Suite 310
Albany, NY 12207
(518) 436-1850
(518) 436-1780 Fax


Eric K. Schillinger - Federal Public Defender
Emma Reynolds - First Assistant

**Syracuse Office**

4 Clinton Square
3rd Floor
Syracuse, NY 13202
(315) 701-0080
(315) 701-0081 Fax

April 30, 2026

Honorable Anthony J. Brindisi
United States District Judge
10 Broad Street
Utica, New York 13501

> **Re:**   **UNITED STATES v. PAIGE KINCHELOE**
>    **CASE NO. 5:25-MJ-0380**

Dear Judge Brindisi:

Paige Kincheloe is scheduled to appear before the Court for a change of plea hearing on May 5, 2026. She is currently on pretrial release in Clayton, New York, and we write to request the Court continue her release status following her guilty plea to one count of access with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

Pursuant to 18 U.S.C. § 3143(a)(2), the Court must detain a person awaiting sentencing that has been found guilty of a "crime of violence."[1] Section 3143(a)(2) provides one exception to detention pending sentencing that does not apply in this case. Section 3145(c), however, provides another exception to detention that is relevant here.

Under § 3145(c), "[a] person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." To satisfy the criteria under § 3143(a)(1), the defendant must demonstrate that he is not likely to flee or pose a danger to the community if released. The Second Circuit has defined "exceptional reasons" under § 3145(c) as a "unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). This test "is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances

---

[1] Pursuant to 18 U.S.C. § 3156(a), Ms. Kincheloe's offense constitutes a crime of violence because it is a felony under Chapter 110 of Title 18 of the United States Code. 18 U.S.C. § 3156(a)(4)(C).

qualified as 'exceptional.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (quoting *DiSomma*, 951 F.2d at 497).

In this case, Ms. Kincheloe's release is warranted under § 3145(c). She was arrested by federal agents on November 14, 2025. After a detention hearing, and in accordance with Pretrial Services's recommendation, the magistrate judge released Ms. Kincheloe on several conditions. Dkt. Nos. 10, 11. Since her release, Ms. Kincheloe has been compliant with her pretrial conditions, including full compliance with the rules governing her home detention. In addition, Ms. Kincheloe has upcoming mental health appointments she would like to take advantage of before sentencing. While on release, Ms. Kincheloe has taken it upon herself to engage in medical coding training to become a certified professional coder. She has approximately two months left in her training. Completing her CPC certificate prior to sentencing will provide her with significant professional opportunities following any potential term of imprisonment. Ms. Kincheloe also just recently obtained employment in the food service industry, notwithstanding that she is not obligated to do so under the conditions of her pretrial release. Finally, Ms. Kincheloe lives with her mother, who has a medical condition that requires Ms. Kincheloe's assistance.[2]

With some regularity, district courts in this district have continued the release status of defendants that have pleaded guilty to crimes of violence similar to the one Ms. Kincheloe is pleading guilty to on Tuesday. *See, e.g., United States v. Kilgus*, No. 26-CR-0065 (BKS), Text Minute Entry Dated Mar. 19, 2026 (NDNY) (defendant pleaded guilty to violating 18 U.S.C. § 2423); *United States v. Swanson*, No. 24-CR-0184 (BKS), Text Minute Entry Dated May 23, 2024 (NDNY) (defendant pleaded guilty to violating 18 U.S.C. § 2252A(a)(5)(B)); *United States v. Curtis*, No. 22-CR-0006 (GTS), Text Minute Entry Dated Jan. 25, 2022 (NDNY) (defendant pleaded guilty to violating 18 U.S.C. § 2252A(a)(2)(A)).

Given Mr. Kincheloe's compliance with her terms of pretrial release, her regular communication with pretrial services and defense counsel, and her anticipated compliance with attending court as required, the defense respectfully requests the Court continue her release pending sentencing.

Thank you for your consideration.

Respectfully,

*Anne L. LaFex*
Assistant Federal Public Defender

Cc:    Michael Gadarian, AUSA (by ECF)
       Adrian LaRochelle, AUSA (by ECF)
       Paige Kincheloe (by mail)

---

[2] Out of privacy for Ms. Kincheloe's mother, defense counsel will share the details of the condition in a sealed submission at the request of the Court.